# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

PATRICK WHITE, )
)
        Plaintiff, )
)
vs. ) Case No. 09-2460-EFM-DWB
)
KANSAS CITY PETERBILT, *et al.*, )
)
        Defendants. )
)

## **ORDER ON PARTIES' MOTIONS TO COMPEL**

On March 16, 2010, the parties engaged in a video conference before the undersigned Magistrate Judge to address discovery requests remaining at issue following the February 22, 2010, telephone conference in this matter. (*See* Doc. 29, text entry.) During that prior telephone conference, the Court took the parties' competing motions to compel (Docs. 14, 20) under advisement ordering, in part, counsel to meet and confer by telephone regarding all objections and to file a joint report advising the Court of any remaining disputes. Counsel for Plaintiff and Defendant Utility Trailer Sales of Kansas City, Inc. ("Defendant UT") filed their Joint Report Regarding Discovery Disputes ("the report") on March 12, 2010. (Doc. 31.)

1. Plaintiff's Motion to Compel. (Doc. 14.)

The parties' Joint Report identified two issues remaining as to this motion. First, Defendant UT chose to stand by its objections to Plaintiff's Interrogatory No. 12 and Request for Production No. 23, seeking information regarding employees who received disability benefits during the time period of January 1, 2006, through the present. (Doc. 14-1, at 8; Doc. 14-2, at 9-10.) The Court **overruled** Defendant UT's objections, deciding that the information was calculated to lead to the discovery of admissible evidence regarding Plaintiff's claims of FMLA violations, disability discrimination, and retaliation. The Court did, however, hold that the Social Security numbers of the other employees should be redacted, along with other personal information (such as that relating to wage garnishments, bankruptcies, and/or child support payments). Defendant was instructed to submit a privilege log to Plaintiff regarding any such redacted information.

Second, Defendant UT stood by its objections to Plaintiff's Requests for Production Nos. 4, 5, 6, and 7, arguing that the requests were vague and not limited in scope in the use of terms such as "all documents," "relating to," and/or "other documentation." (*See* Doc. 14-2, at 5-6.) Although Defendant refused to withdraw the objections, it indicated that all responsive documents were being produced.

(*Id*.) The Court **overruled** Defendant's objections, finding that the phrases at issue were not improper omnibus terms as they adequately referred to specific categories of requests, thus appropriately limiting their scope.

At Plaintiff's request, the Court also recognizes the parties' stipulation that at all relevant times, Defendant UT was an employer covered by the Family Medical Leave Act, regardless of whether it had over 50 employees. (*See* Doc. 31, at 3.) As such, Plaintiff withdraws his motion to compel regarding his Request for Production No. 17.

2. Defendant's Motion to Compel. (Doc. 20.)

The Joint Report also included one remaining issue from this motion – Plaintiff's objections to Defendant's Request for Production No. 4, seeking "[f]ully executed releases that will enable Defendant to inspect and copy records maintained by every employer for whom Plaintiff worked at any point during his life." (Doc. 21-4, at 4.) During the March 16, 2010, video conference, the Court **overruled** Plaintiff's objections in part, and **sustained** them in part, holding that Plaintiff's historical employment records are reasonably calculated to lead to the discovery of admissible evidence and are, therefore, discoverable.

On the other hand, the Court reluctantly agreed with Plaintiff that the appropriate procedure for obtaining such records is first through the service of

business records subpoenas on such former employers rather than the execution of signed releases by Plaintiff.[1]

Defendant UT also asked for permission to withdraw the remainder of its initial motion to compel (Doc. 20) while requesting the ability to renew its contents at a later time if necessary. The Court found this to be unnecessary. The Court instead precluded the parties from changing the positions stated in their motions, responses, joint conference, and arguments to the Court, but stated the parties could move, if necessary, to compel any documents that were agreed by the parties, or ordered by the Court, to be produced.

**IT IS THEREFORE ORDERED** that the remaining portions of Plaintiff's Motion to Compel (Doc. 14) are hereby **GRANTED** as more fully set forth above.

---

[1] *See* Rohlman v. Vetter Health Services, Inc., No. 07-1236-JTM, 2007 WL 4590259 (D. Kan. Dec. 26, 2007) (*citing* E.E.O.C. v. Thorman & Wright Corp., 243 F.R.D. 426, 429 (D. Kan. 2007) (stating that a party should first seek records from a third party employer by subpoena, but if there is a failure to produce the documents or a claim of privilege, then the Court may require Plaintiff to execute appropriate records releases pursuant to the Court's general powers to enforce its own orders). The Court notes that in the Wichita area, the parties usually proceed by means of an agreed order for production of records, and only in the event that a third party should refuse to produce the records (which, to the Court's recollection, has never happened), would it be necessary to follow up with a records subpoena. That procedure is more efficient and less expensive for the parties and for the third-party employers and medical providers than the use of subpoenas. *See e.g.,* Fed. R. Civ. P. 1 (the rules are to be construed to secure the just, speedy, and inexpensive determination of every action). The employers and medical providers in the Wichita area are used to seeing these orders and, as noted above, have not objected to the use of such orders.

**IT IS FURTHER ORDERED** that the remaining portion of Defendant's Motion to Compel (Doc. 20) is hereby **GRANTED in part** and **DENIED in part** as more fully set forth above.

Dated at Wichita, Kansas, on this 17th day of March, 2010.

    s/ Donald W. Bostwick
    DONALD W. BOSTWICK
    United States Magistrate Judge